UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON WILLIS ISELI,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 24-cv-0522-MMA (MMP)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE** |

Brandon Willis Iseli ("Plaintiff"), a state prisoner currently incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has neither paid the filing fee nor filed a motion to proceed *in forma pauperis* ("IFP").

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed

1

IFP.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

**II.   Venue**

In addition, it appears that the Southern District of California is not the proper venue for Plaintiff's case.  Venue may be raised by the Court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

"A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

/ / /

Although not absolutely clear, Plaintiff appears to claim violations of his federal constitutional rights arising from events which occurred at Pelican Bay State Prison in Cresent City, California, by employees of that prison, which is located in the Eastern District of California. *See* 28 U.S.C. § 84(a). None of the events or omissions giving rise to Plaintiff's claims are alleged to have occurred in either San Diego or Imperial County, and no Defendant is alleged to reside here. *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.") Therefore, Plaintiff has not adequately plead that venue is proper in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. To the extent venue is proper in the Eastern District of California, the dismissal of this action is without prejudice to Plaintiff to file his Complaint in that Court.

## III.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a). The dismissal is without prejudice to Plaintiff to present his claims in a Court with proper venue. If Plaintiff is seeking to raise claims for which venue lies in the Southern District of California and wishes to proceed in this Court, he must either pay the $450 filing fee in full or submit an application to proceed IFP **and** file an amended petition alleging facts indicating that venue is proper in this Court within thirty (30) days of the date of this Order. If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP and file an amended petition within 30 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**

Dated:  March 25, 2024

_____
HON. MICHAEL M. ANELLO
United States District Judge